(No. 2099—)

GEORGE C. RICE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 11, 1934.*

WEIL & WEIL, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

George C. Rice, claimant herein, seeks an award from the State under a claim that on the 10th day of September, 1932, while he was riding in his automobile on State Route No. 2 in Marshall County, Illinois, about a mile south of the village of Wenona, and while he was in the exercise of due care and caution for his own safety, the automobile, in which he was riding, ran into a motor truck owned and operated by the defendant, and used by its servants and employees in the business of maintaining and repairing State Highways. Claimant alleges that the defendant through its agents, servants and employees, negligently and carelessly disregarded its duty and parked and stopped its motor truck on the highway so that two vehicles lawfully driven thereon could not pass, and that by reason of such action, the automobile of plaintiff ran against and struck such motor truck; that as a result thereof, plaintiff was violently thrown from his place in said auto and was severely cut, bruised and injured, all as a direct and proximate result of defendant's negligence; that his injuries are permanent; that he has been compelled to spend Eighteen Hundred Dollars ($1,800.00) for physician, surgeon and hospital care; that his automobile has been destroyed with a resultant loss of Five Hundred Dollars ($500.00) and that he is crippled for life, for all of which he seeks damages in the sum of Twenty-five Thousand Dollars ($25,000.00).

The second count of the complaint is similar to the first and charges that the defendant, through its agents, servants and employees wrongfully, negligently and carelessly disregarded its duty and stopped its motor truck upon the highway and by reason thereof the automobile in which claimant was riding struck said motor truck with the resultant injury to claimant.

The third count, similarly drawn, charges that it was the duty of the respondent through its agents, and employees not to allow or cause said truck to be or remain upon any durable hard-surfaced road in a position so as to endanger the person or property of any lawful user thereof; but that respondent through its servants, not regarding said duty, negligently and carelessly permitted such truck to re-

main standing on the highway unattended and without warning or signal, in such manner that the person and property of lawful users of said highway, including the claimant, were endangered, and that by reason thereof the injury complained of, resulted.

The Attorney General has filed a motion to dismiss said complaint for the reason that such complaint is based on the theory that the State is liable for injuries caused by the negligent conduct of its employees in the construction and maintenance of its highways; that in such assumption claimant is in error, and that, inasmuch as no award could be legally allowed to claimant under the facts stated, the claim should be dismissed.

Incorporated in the motion the Attorney General has included a letter from Fred Tarrant, Engineer of Maintenance, in which he states that the State-truck in question was being used for road repair work on the afternoon in question, and that the workmen had placed traffic warnings four-hundred feet beyond the point where the work was in progress. Further statements were also made in the letter as to the speed of claimant's car being excessive under the existing conditions. Disregarding the possible question of contributory negligence, however, and considering the claim upon the averments made therein, no award can be legally claimed herein.

In the construction and maintenance of its roads, the State acts in a governmental capacity, and in the exercise of such governmental functions it does not become liable in action of tort by reason of the malfeasance, misfeasance or negligence of its officers, agents or servants in the absence of a Statute creating such liability. No such statute has been passed in Illinois. Such has been the settled decision of this court for many years.

*Morrissey* vs. *State*, 2 C. C. R. 454.
*Minear* vs. *State Board of Agriculture*, 259 Ill. 549.
*Bucholz, Admrx.* vs. *State*, 7 C. C. R. 241.

The State is not liable for damages caused by the negligence of its servants, agents or officers, unless there is a Statute expressly making it so liable.

*Braun* vs. *State*, 6 C. C. R. 104.

The motion of the Attorney General to dismiss is allowed and the claim is dismissed accordingly.